IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAYCOM SOFTWARE, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA AND )<br>QBE INSURANCE CORPORATION, )<br>)<br>Defendants. ) | Case No. CIV-22-335-D |

## **ORDER**

Before the Court is Plaintiff's Motion for Protective Order Regarding Discovery of Extrinsic Evidence [Doc. No. 74], and Defendant Travelers Casualty and Surety Company of America's Motion to Compel Documents, Communications, and Information Related to the Underwriting, Negotiation, and Placement of the Travelers Primary Policy [Doc. No. 83]. Both motions address whether Paycom is required to respond to certain discovery requests propounded by Travelers. The motions are fully briefed and at issue [Doc. Nos. 84, 85, 90].

This case concerns insurance coverage for certain defense costs incurred by Paycom in responding to an investigation by the Securities and Exchange Commission. The parties disagree as to whether the SEC investigation, including subpoenas and a tolling agreement entered into by Paycom in connection with that investigation, qualify as a covered claim under an insurance policy issued by Travelers. In its Second Amended Complaint, Paycom

asserts claims for declaratory relief, breach of contract, and violation of the duty of good faith and fair dealing.

Travelers seeks to compel responses to three interrogatories, two requests for production, and three requests for admission. The discovery requests seek information and documents related to Paycom's understanding of how the policy would respond to an SEC investigation, its decisions to decline to purchase a particular policy endorsement, and the underwriting and placement of the policy. Paycom's primary objection to these requests is relevance. Paycom argues that the requests seek extrinsic evidence as to the meaning of the insurance contract but such evidence is irrelevant where, as here, neither party contends that the contract is ambiguous. Travelers responds that the requests seek information about Paycom's understanding of the scope of coverage and that this information, although perhaps not admissible, is nevertheless relevant to the contract claims and the bad faith claim. Travelers further contends that although it believes the contract is unambiguous, it will be necessary to turn to extrinsic evidence of the contract's meaning if an ambiguity is found by the Court.

To determine whether Travelers is entitled to the information it seeks, the Court is guided by the scope of discovery outlined in Federal Rule of Civil Procedure 26(b)(1). Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund,*

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Thus, "relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility." *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 WL 279348, at *3 (N.D. Okla. Jan. 3, 2018) (internal quotation marks omitted).

Discovery is not, however, intended to be a "fishing expedition." *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1238 (10th Cir. 2000). Information sought in discovery requests must be tethered to the claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Thus, "broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quotation marks omitted). "When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure." *Johnson v. Pelle, No*. 15-CV-00105-MSK-MEH, 2015 WL 8962273, at *1 (D. Colo. Dec. 16, 2015).

Here, the discovery requests seek information related to the negotiation and underwriting of the insurance policy, and specifically Paycom's decision to decline to purchase a particular endorsement. This information is not relevant to the claims or defenses asserted in this action and is therefore not discoverable. With respect to the contract claims, Paycom and Travelers both contend that the insurance policy is

3

unambiguous and will support their interpretation of the disputed policy language.[1] Where a contract is complete and unambiguous, "its language is the only legitimate evidence of what the parties intended." *Otis Elevator Co. v. Midland Red Oak Realty, Inc.*, 483 F.3d 1095, 1101 (10th Cir. 2007) (quotation omitted). "That intention cannot be divined from extrinsic evidence but must be gathered from a four-corners' examination of the instrument." *Id.* (quotation omitted). Whether a contract is ambiguous is a question of law. *Id.* Because both parties assert that the contract is unambiguous,[2] the contract claims will be resolved by reference to the policy language, and extrinsic evidence of the kind sought by Travelers' discovery requests is irrelevant. *See Rooney v. Chicago Ins. Co.*, No. 00 CIV 2335 JGK RLE, 2000 WL 1093051, at *1 (S.D.N.Y. Aug. 4, 2000) ("The Court notes that this is a contract action, and the issue before the Court is whether the claim by plaintiff is covered by the policy in this case. Plaintiff has pointed to no provision in the policy which is ambiguous and would require extrinsic evidence to interpret the terms of the contract.")

The same is true with respect to the bad faith claim. The focus of a bad faith claim is the "knowledge and belief of the insurer during the time period the claim is being reviewed." *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991). Information

---

[1] Notably, a contract is not ambiguous merely because "the parties disagree or press for a different construction." *Pitco Production Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 545–46 (Okla.2003).

[2] The Court is not persuaded by Travelers' argument that it is "pleading in the alternative, that if the Policy language were determined by the Court to be ambiguous," reference to extrinsic evidence would be necessary. Def.'s Br. 9. Travelers has not alternatively alleged that the contract is ambiguous. Rather, "Travelers' position, as set forth in its pleadings and filings to date, is that the Policy language…is clear, unambiguous, and does not provide coverage." *Id.*

concerning the insured's pre-policy negotiation and placement of the policy has no bearing on this inquiry. Moreover, even if the insurer's purported bad faith arises from a coverage decision, the reasonableness of that coverage decision will turn substantially on the language in the policy. And where, as here, both parties agree that the policy is unambiguous, that inquiry is limited to evaluating the language within the four corners of the insurance contract.

Based on the parties' own characterization of the insurance policy as unambiguous, the requested discovery is untethered to the contract and bad faith claims asserted in this case. Accordingly, Plaintiff's Motion for Protective Order Regarding Discovery of Extrinsic Evidence [Doc. No. 74] is **GRANTED**. Plaintiff is not required to respond to the discovery requests that were the subject of its Motion for Protective Order. Further, Defendant Travelers Casualty and Surety Company of America's Motion to Compel [Doc. No. 83] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge